UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. KENNESON )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>DONALD PARKER, ROBERT )<br>MILSLAGLE, and JAMES DANIELS, )<br>    *Defendants*. )<br>) | 3:20-CV-988 (OAW) |

**RULING DENYING MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the court upon Plaintiff's Motion for Reconsideration and memorandum in support thereof ("Motion"). *See* ECF Nos. 52, 52-1. The court has reviewed the Motion, Defendants' Opposition thereto, *see* ECF No. 55, Defendant's Notice of Supplemental Authority, *see* ECF No. 56, the parties' responses to the Notice of Supplemental Authority, *see* ECF Nos. 57–58,[1] all supporting exhibits, and the record in this matter and is thoroughly advised in the premises. For the following reasons, the Motion is **DENIED.**[2]

The court includes only a brief summary of the factual background here, as a detailed review was provided in its summary judgment ruling. *See* ECF No. 40 at 1-4.

---

[1] The supplemental authority and responses thereto all deal with a separate action that was pending in the District of Connecticut before another judge. Because both parties overstate the significance of that case to this one, the court has not relied upon the Notice or any response thereto in determining the disposition of the Motion.

[2] The court finds that the briefs are thorough and complete and that there is no need for oral argument on the Motion. Therefore, the request for oral argument is denied. See D. Conn. L. Civ. R. 7(a)(3) ("Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument.").

Plaintiff is a private investigator, whose occupation took her to the University of New Haven ("UNH") in February 2016 to interview certain students on campus. While there, a Resident Advisor alerted officers of the UNH Police Department ("UNHPD") of Plaintiff's presence in one of the dormitories. UNHPD confronted her, informing her that she had failed to follow UNH's guest sign-in policy and that she was trespassing. They issued her a warning and asked her to leave the premises, which she did. Approximately one month later, though, after additional information had surfaced about Plaintiff's activities while on campus, UNHPD sought and was granted a warrant for Plaintiff's arrest for Criminal Trespass in the Third Degree. Thereafter, the charge was reduced to the infraction of simple trespass and ultimately was dismissed in May 2018. Plaintiff initiated the instant action against Defendants on July 16, 2020, asserting a claim of malicious prosecution. The crux of her argument was that she was unaware of the UNH sign-in policy at the time she was conducting her interviews. Defendants filed a motion for summary judgment, which the court granted over Plaintiff's opposition. Plaintiff now asks the court to reconsider its grant of summary judgment.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances . . . ." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Reconsideration is an opportunity for the court to correct its own mistakes; it is not a second opportunity for a litigant to argue

its position.  *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010).   Accordingly, no new arguments and no new facts may be presented in a motion for reconsideration.  *Id.*

The local court rules require that a motion for reconsideration "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked."  D. Conn. L. Civ. R. 7(c)1.  Plaintiff has submitted approximately 150 pages of argument and exhibits, which Defendants contend clearly is not "concise" within the meaning of the rule.  They argue that the Motion should be denied for this procedural defect alone.  The court acknowledges that it would be within its discretion to deny the Motion for that reason, but declines to take that approach, recognizing that Plaintiff is self-represented and therefore she is entitled to some relaxation of the procedural requirements.

However, the court agrees with Defendants that the Motion must be dismissed on the merits.  The court appreciates the considerable time and effort Plaintiff clearly expended in drafting the Motion, but Plaintiff points to no facts that the court overlooked, nor does she cite to any controlling law that the court failed to consider in its ruling.  Much of the Motion is devoted to pointing out all the parts of the court's ruling with which she disagrees.  Disagreement does not warrant reconsideration; the appropriate recourse for disagreements is an appeal to the United States Court of Appeals for the Second Circuit, which Plaintiff is welcome to timely pursue with the issuance of this ruling.

Otherwise, the Motion recounts the same facts asserted in the prior proceeding,[3] supported by the same exhibits provided in the prior proceeding, to advance the same arguments that the court reviewed and rejected in the prior proceeding.  There are some new details, a few additional exhibits, and slight variations of arguments, but the court will not consider anything new on a motion for reconsideration.  And in any event, these new assertions do not go to the heart of the dispositive legal issues presented in the motion for summary judgment, so they would not have altered the court's conclusions thereon.

The dispositive question at summary judgment was whether UNHPD reasonably believed there was probable cause to seek an arrest warrant.  Even taking Plaintiff's factual assertions as true, the court found that there was probable cause.  Plaintiff protests her innocence, and the court has no reason to doubt her protestations (indeed, the state court dismissed the charge against her).  But this is not the question.  The question is whether UNHPD had reason to disbelieve her innocence at the time they sought the warrant, and as the court stated in its ruling, the threshold for establishing probable cause is not very high.  The court found that Defendants had reached that threshold, and therefore, regardless of Plaintiff's actual innocence, her claims must fail.

Accordingly, the Motion for Reconsideration, ECF No. 52, hereby is **DENIED.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 30th day of March, 2024.

_____/s/_____
OMAR A. WILLIAMS
United States District Judge

---

[3] Though Plaintiff also claims that the court erred in noting that the material facts of this case are not disputed, her responsive statement of facts clearly admitted almost every fact Defendants asserted.  ECF No. 28-1.